| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | **JS-6** |

CIVIL MINUTES – GENERAL

Case No. SACV 17-00655-CJC(DFMx)            Date: April 20, 2017

Title: <u>THIEN TRAN V. ANTHONY NGUYEN</u>

---

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Melissa Kunig</u>            <u>  N/A  </u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT AND INVITING PLAINTIFF TO FILE A MOTION FOR SANCTIONS**

      This is the third time Defendant Anthony Nguyen has attempted to remove this state court case filed in 2014 (Orange County Superior Court Case No. 30-2014-00722873). Defendant removed the case the first time on January 5, 2017, to stave off a state court debtor's exam. Judge Guilford remanded the case on January 18, 2017, because, *inter alia*, Defendant failed to identify federal claims on the face of the state court complaint and both parties were California citizens, precluding diversity jurisdiction. (Case No. 17-00015 AG(JCGx) Dkt. 11 at 2.) On January 25, 2017, to once again stave off a debtor's exam, Defendant filed another notice of removal. This Court remanded the case back to Orange County Superior Court on February 17, 2017, on the grounds that more than thirty days had elapsed since Defendant received the state court complaint, barring removal under 28 U.S.C. § 1446(b). (Case No. 17-00128 CJC(DFMx) Dkt. 22.) In the Court's remand Order, it stated, "Because Defendant appears to be repeatedly abusing removal procedures to inhibit state courts from effectuating their judgements, the Court warns Defendant that should he file another frivolous notice of removal . . . the Court will consider imposing sanctions pursuant to Federal Rule of Civil Procedure 11." (*Id.* at 2–3.)

      Defendant filed a motion to vacate the remand order on March 10, 2017. (*Id.* Dkt. 27.) The Court denied Defendant's motion to vacate on March 15, 2017, on the grounds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-00655-CJC(DFMx)            Date: April 20, 2017
                                                                                                 Page 2

that (1) "[a]ny federal questions Defendant identifies arise in hypothetical counterclaims and defenses, not the face of Plaintiff's complaint" and (2) "the state court litigation has been ongoing since 2014, far exceeding the thirty day deadline for removal pursuant to 28 U.S.C. § 1446(b)(1). Removal based on diversity of the parties is barred by 28 U.S.C. § 1446(c)(1) as Defendant does not present any evidence supporting a finding that Plaintiff Thien Tran concealed his citizenship in bad faith to prevent removal, as is required to support removal more than a year after the commencement of a case." (*Id.* Dkt. 28.)

In the March 15, 2017, Order, the Court warned Defendant of the consequences of filing another improper notice of removal: "The Court is quite concerned with Defendant's litigious nature. The Court emphasizes to Defendant that it demands strict compliance with Federal Rule of Civil Procedure 11. . . . Should Defendant present the Court with further filings that fail to meet those standards, the Court will entertain imposing sanctions, as authorized by Federal Rule of Civil Procedure 11(c), and exercising its inherent power to initiate a contempt proceeding." (*Id.* Dkt. 28 at 2.)

On April 11, 2017, Defendant once again filed a notice of removal. (Dkt. 1.) The filing is, in large part, identical to Defendant's previous notices of removal. (*Compare* Dkt. 1 *with* Case No. 17-00015 Dkt. 1 *and* Case No. 17-00128 Dkt. 1.) Defendant seems to be arguing that between March and April 10, 2017, Plaintiff filed three motions in state court that violate his civil rights. (*See* Dkt. 1 at 3, 4.) He also summarily declares that Plaintiff is a Vietnamese national who used to live in Vietnam and lived there longer than he has lived in California. (*Id.* at 5, 7.) On that basis, Defendant claims diversity jurisdiction exists.

Defendant's notice of removal is frivolous for all the reasons stated in the Court's previous orders. Defendant once again has not given any indication that federal question appear on the face of Plaintiff's Complaint. More than thirty days have elapsed since Defendant received notice of the Complaint, precluding removal under 28 U.S.C. § 1446(b)(1). Defendant has not even attempted to demonstrate that less than thirty days have elapsed since receipt of "an amended pleading, motion, order, or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Defendant's belief that Plaintiff's motions practice before Orange County Superior Court violates his civil rights does not transform the face of Plaintiff's complaint into one that presents a federal question. Finally, as for

diversity of citizenship, Defendant does not attempt to demonstrate that Plaintiff has acted in bad faith to prevent him from removing the action, as is required for removal more than one year after commencement of the action under 28 U.S.C. § 1446(c)(1). Accordingly, this action is REMANDED to Orange County Superior Court.

　　　The Court has repeatedly warned Defendant that filing frivolous notices of removal in an attempt to thwart Orange County Superior Court could lead to sanctions pursuant to Federal Rule of Civil Procedure 11. (Case No. 17-00128 Dkts. 22, 28.) Defendant has failed to heed the Court's warning. The Court retains jurisdiction to consider the imposition of sanctions following remand as sanctions are a collateral issue. *Willy v. Coastal Corp.*, 503 U.S. 131, 137–38 (1992). Plaintiff is invited to file a motion for Rule 11 sanctions should he deem it appropriate.

nhm